UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANTHONY MENDOZA,

    Plaintiff,

vs.

SKECHERS U.S.A. RETAIL, LLC
    Defendants.
_____/

## COMPLAINT

Plaintiff, ANTHONY MENDOZA ("Plaintiff"), by and through the undersigned counsel, hereby sues Defendant, SKECHERS U.S.A., INC. (hereinafter "DEFENDANT" OR "SKECHERS"), and in support avers as follows:

### GENERAL ALLEGATIONS

1. This is an action by the Plaintiff for damages exceeding $15,000 excluding attorneys' fees or costs resulting from Defendant's violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 ("FLSA").

2. Plaintiff was at all times relevant to this action, and continues to be, a resident of Miami-Dade County Florida, within the jurisdiction of this Honorable Court.

3. Defendant, SKECHERS, is a Florida Corporation, conducting business in Miami-Dade County, Florida, where Plaintiff worked for Defendant and at all times material hereto was and is engaged in interstate commerce.

4. Venue is proper in Miami-Dade County because all of the actions that form the basis of this Complaint occurred within Miami-Dade County.

5. Declaratory, injunctive, legal and equitable relief sought pursuant to the laws set forth above together with attorneys' fees, costs and damages.

6. All conditions precedent for the filing of this action before this Court have been previously met, including the exhaustion of all pertinent administrative procedures and remedies.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

7. Defendant employed Plaintiff from on or about November 30, 2018 through on or about May 13, 2019.

8. Defendant misclassified Plaintiff as an Assistant Manager who performed duties as a cashier.

9. Plaintiff's work did not require the exercise of discretion and independent judgment with respect to matters of significance, but instead involved little more than the use of skill in applying well-established techniques, procedures or specific standards.

10. When he was hired, Plaintiff was paid at an hourly rate of $13.000 per hour, and was hired as a full time employee. Subsequently, after complaining about not being paid for time Plaintiff was forced to work off the clock Plaintiff's hours were reduced to approximately 25 hours a week.

11. When he was hired, Plaintiff was scheduled to work approximately 40 hours per week.

12. Defendant's employees were not permitted to be paid for overtime without prior approval. However, when work was to be done that increased the employees hours past 40 hours per week Employees were told to clock out and continue to work. Thereby working without pay.

13. Furthermore, after hours Plaintiff was consistently contacted via text messages about work related issues while off the clock, further creating an environment where Plaintiff was working without being paid.

14. Plaintiff was frequently asked to work without pay. Defendant knew of this pattern and Defendant had a system in place in which three employees frequently clock out to perform intake duty to assist with incoming shipments.

15. Plaintiff was also required to cover the duties of the cashier/receptionist whenever said individual was not working.

16. Plaintiff never received any additional compensation for these extra hours worked beyond what his hourly on-the-clock compensation covered. As such, Plaintiff benefited from essentially free labor as Defendant continuously failed to pay Plaintiff for any hours worked in excess of forty in a given workweek or any hours off the clock.

17. At all relevant times, Defendant had or should have had full knowledge of all hours worked by Plaintiff, including those hours worked in excess of forty (40) in a given work week and time asked to clock out and continue working.

18. These working conditions continued throughout the vast majority of Plaintiff's employment until May 2019 when plaintiff resigned due to these conditions.

19. Plaintiff was constructively terminated and replaced in retaliation for his objections to Defendant's unlawful pay practices.

## COUNT I
### *FLSA Violation against SKECHERS U.S.A. Retail, LLC*

20. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

21. This action is brought by Plaintiff to recover from the Defendant unpaid minimum wage and/or overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of the FLSA.

22. At all times pertinent to this Complaint, Defendant had two or more employees who regularly handled goods and/or materials which had been sold and transported from across state lines of other states, and the Defendant obtains and solicits funds from non-Florida sources, accepts funds from non-Florida sources, uses telephonic transmissions going over state lines to do its business, transmits funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

23. Upon information and belief, at all times material hereto, Defendant's annual gross revenue exceeded $500,000 per annum on its own, or as part of a joint enterprise with the other corporate Defendant named herein, or which are as of yet unknown but will be revealed through further discovery. To the extent that Defendant operated as part of a joint enterprise, it did so with corporate entities that performed related activities, under the common control of the individual Defendant, and for common business purposes related to the work performed by Plaintiff for Defendant.

24. By reason of the foregoing, the Defendant is and was, during all times hereafter mentioned, an enterprise engaged in commerce or in the production of goods for commerce as defined in §§ 3(r) and 3(s) of the FLSA, 29 U.S.C. § 203(r) and 203(s). Defendant's business activities involve those to which the FLSA applies. The Plaintiff's work for the Defendant likewise affects interstate commerce.

25. Plaintiff seeks to recover for unpaid wages accumulated from the date of hire and/or from three (3) years from the date of the filing of this complaint.

26. Defendant knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum and/or overtime wages as required by the FLSA and remain

owing Plaintiff these wages since the commencement of Plaintiff's employment with Defendant as set forth above. As such, Plaintiff is entitled to recover double damages.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Award Plaintiff actual damages in the amount shown to be due for unpaid minimum and/or overtime wages, with interest; and

c. Award Plaintiff an equal amount in double damages/liquidated damages; and

d. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

e. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## COUNT III

### *FLSA Violation against SKECHERS U.S.A. Retail, LLC*

27. Plaintiff re-adopts each and every factual allegation as stated in paragraphs 1 through 19 of this complaint as if set out in full herein.

28. 29 U.S.C. § 215(a)(3) of the FLSA states that it is a violation to "discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act, or has testified or is about to testify in any such proceeding, or has served or is about to serve on an industry committee."

29. Defendant's conduct as set forth above constitutes a violation of the FLSA's anti-retaliation provision.

30. The motivating factor that caused Plaintiff's reduction of hours was Plaintiff's complaints regarding Defendants' unlawful pay practices.

31. Defendant's conduct was in direct violation of the FLSA, and, as a direct result, Plaintiff has been damaged.

**WHEREFORE**, Plaintiff respectfully prays for the following relief against Defendant:

a. Adjudge and decree that Defendant has violated the FLSA and has done so willfully, intentionally and with reckless disregard for Plaintiff's rights;

b. Enter judgment against the Defendant for all back wages from the date of discharge to the present date and an equal amount of back wages as liquidated damages, and;

c. Enter judgment against the Defendant for all front wages until Plaintiff becomes 65 years of age; and

d. Enter an award against Defendant and award Plaintiff compensatory damages for mental anguish, personal suffering, and loss of enjoyment of life;

e. Award Plaintiff the costs of this action, together with reasonable attorney fees; and

f. Grant Plaintiff such additional relief as the Court deems just and proper under the circumstances.

## JURY DEMAND

Plaintiff demands trial by jury of all issues triable as of right by jury.

Dated 7/3/19

Respectfully submitted,

*signature*

**Anthony M. Georges-Pierre, Esq.**
Florida Bar No.: 533637
agp@rgpattorneys.com
**REMER & GEORGES-PIERRE, PLLC**
44 West Flagler Street, Suite 2200
Miami, FL 33130
Telephone: (305) 416-5000
Facsimile: (305) 416-5005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO.:

ANTHONY MENDOZA,

    Plaintiff,

vs.

SKECHERS U.S.A. RETAIL, LLC
    Defendants.
_____/

SUMMONS IN A CIVIL CASE

**TO:** SKECHERS U.S.A. RETAIL, LLC through its Registered Agent:

    CORPORATION SERVICE COMPANY
    1201 HAYS STREET
    TALLAHASSEE, FL 32301

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY

    ANTHONY M. GEORGES-PIERRE, ESQ.
    REMER & GEORGES-PIERRE, PLLC.
    44 WEST FLAGLER STREET
    SUITE 2200
    MIAMI, FL 33130

an answer to the complaint which is herewith served upon you, within **21 days** after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

_____
CLERK                              DATE

_____
(BY) DEPUTY CLERK