UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-cv-22789-BLOOM/Valle

ANTHONY MENDOZA,

    Plaintiff,

v.

SKECHERS U.S.A. RETAIL, LLC,

    Defendant.
_____/

## ORDER

**THIS CAUSE** is before the Court on the Parties' Renewed Joint Motion for Approval of Settlement, ECF No. [29], filed June 9, 2020. On June 3, 2020, the Court entered an Order, ECF No. [28], denying approval of the initial Confidential Settlement Agreement ("Initial Agreement"), ECF No. [27-1], because it failed to adequately explain the amount of Plaintiff's attorney's fees and costs and it did not apportion Plaintiff's damages award equally between unpaid wages and liquidated damages. *See* Jun. 3, 2020 Order 3. The Court also noted the Initial Agreement contained a confidentiality clause that was to no effect because the parties filed the Initial Agreement on the public docket. *See id.* 3 n.2.

The revised Confidential Settlement Agreement ("Revised Agreement"), ECF No. [29-1], apportions Plaintiff's damages equally between unpaid wages and liquidated damages. *See* Revised Agreement § 1a. Plaintiff has also submitted a Time Sheet, ECF No. [29-2], and the Declaration of Max Lloyd Horowitz, Esq., ECF No. [29-3], providing the basis for Plaintiff's counsel's fees. Being fully advised, it is

**ORDERED AND ADJUDGED** as follows:

Case No. 19-cv-22789-BLOOM/Valle

1. The parties' Renewed Joint Motion for Approval of Settlement, **ECF No. [29]**, is **GRANTED**.[1]

2. The Revised Agreement, **ECF No. [29-1]**, is **APPROVED** in its entirety.

3. The Case is **DISMISSED with prejudice**, with each party to bear its own costs and attorney's fees except as otherwise agreed.

4. All pending motions are **DENIED** as moot.

5. The Court retains jurisdiction to enforce the terms of the Agreement.

**DONE and ORDERED** in Chambers at Miami, Florida, on June 12, 2020.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:
Counsel of Record

---

[1] The Court notes that, like the Initial Agreement, the Revised Agreement contains a confidentiality provision. *See* Revised Agreement § 2e. As noted in the June 3, 2020 Order denying approval of the Initial Agreement, agreements subject to the Court's approval become a part of the judicial record and therefore may not be deemed confidential even if the parties so consent. *See Jessup v. Luther*, 277 F.3d 926, 929–30 (7th Cir. 2002). Nevertheless, while the confidentiality provision seems to indicate the parties seek to maintain the Revised Agreement's confidentiality, the parties did not file the Revised Agreement under seal, so it appears on the public docket.